**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CAPSTACK PARTNERS LLC, | |
| Plaintiff, | Civil Action No: |
| v. | |
| CAPSTACK TECHNOLOGIES, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

The Plaintiff CapStack Partners LLC ("CapStack Partners"), by and through its attorneys, for its Complaint against Defendant CapStack Technologies, Inc., ("CapStack Technologies") states as follows:

### NATURE OF THE ACTION

1.      This is a civil action in law and equity for trademark infringement, unfair competition and unfair business practices arising from the Trademark Act of 1946, 15 USC §§ 1051 et seq. (the "Lanham Act") and unfair and deceptive trade practices arising under state law and common law trademark infringement.

### THE PARTIES

2.      Plaintiff CapStack Partners is a Delaware limited liability company that was formed on or about March 28, 2014 and conducts business in the banking and financial services fields.

3.      Defendant CapStack Technologies is a Delaware corporation that was formed on March 8, 2023 and can be served in through its registered agent, Corporation Services Company at 251 Little Falls Drive, Wilmington, Delaware 19808.

**JURISDICTION**

4.      This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

**VENUE**

5.      Venue is proper in this Court under 28 U.S.C. §1391(b) because CapStack Technologies is a Delaware corporation.

6.      Defendant is subject to personal jurisdiction in this Court. In particular, this Court has personal jurisdiction over Defendant because it has engaged in continuous, systematic and substantial activities within this judicial district, including the incorporation of Defendant in the State of Delaware.

**FACTUAL BACKGROUND**

7.      Since the date of its formation in 2014, CapStack Partners has utilized tradenames and trademarks "CapStack" and "CapStack Partners".

8.      In 2014, CapStack Partners operated out of New York and focused a substantial part of its business in investing, trading and placing debt obligations with banks and other similar financial institutions, as well as advising clients seeking the same.

9.      Since 2014, CapStack Partners has devoted significant time and resources to promoting its businesses utilizing the "CapStack Partners" trademark.

10.     On or about February 21, 2017, CapStack Partners applied to register the trademark CapStack Partners with the United State Patent and Trademark Office (the "PTO") for use in the financial services field and the PTO registered the trademark with the registration serial number 87344417.  (See attached Exhibit A).

11.     On or about June 29, 2018, CapStack Partners applied to register the trademark "CapStack Partners" with the PTO for use in the investment banking and financial services field and the PTO registered the trademark with the registration serial number 88021662. (See attached Exhibit B).

12.     On or about July 14, 2023, CapStack Partners received an alert from Google that one or more articles had been published on the internet using the name "CapStack" and discovered that CapStack Technologies was promoting a startup venture to provide services to banking and financial institutions.

13.     CapStack Partners immediately contacted the founders of CapStack Technologies for the purposes of informing CapStack Technologies of its registered trademarks and the infringing nature of the use of "CapStack" by CapStack Technologies.  CapStack Partners demanded that CapStack Technologies cease its infringing use of CapStack Partner's trademark. (See attached Exhibit C).

14.     On or about July 20, 2023, CapStack Technologies, through its counsel, responded to CapStack Partners' demand that CapStack Technologies cease and desist infringing upon CapStack Partners' trademark by, among other things, asserting that CapStack Partners could not enforce its rights to its trademark.

15.     CapStack Technologies use of the word "CapStack" is similar to CapStack Partners trademark that has been in use since 2014 and has been registered with the PTO since 2018 and is likely to cause confusion as both parties present CapStack as one word with a capital "C" and a capital "S".  Moreover, both parties transact business in the banking and financial services sector, which creates a further likelihood for confusion.

**COUNT I: FEDERAL TRADEMARK INFRINGEMENT**

16.     CapStack Partners incorporates each of the preceding paragraphs as if fully set forth herein.

17.     CapStack Technologies' use of a confusingly similar name to CapStack Partners' "CapStack" mark is likely to cause confusion, deception and mistake by creating the false and misleading impression that CapStack Technologies and its services are associated or connected with CapStack Partners or having the sponsorship, endorsement or approval of CapStack Partners.

18.     CapStack Technologies infringing use of the mark "CapStack" is confusingly similar to CapStack Partners' registered marks in violation of 15 U.S.C. § 1114.  CapStack Technologies' activities are causing, and, unless enjoined by the Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and additionally, injury to CapStack Partners' goodwill and reputation as symbolized by CapStack Partners' "CapStack" mark for which CapStack Partners has no adequate remedy at law.

19.     CapStack Technologies' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with CapStack Partners' "CapStack" mark to CapStack Partners' great and irreparable harm.

20.     CapStack Technologies has caused, and is likely to continue causing, substantial injury to the public and to CapStack Partners, and CapStack Partners is entitled to injunctive relief and to recover CapStack Technologies' profits, actual damages, enhanced profits and damages, costs and reasonable attorney's fees under 15 U.S.C. §§ 1114, 1116 and 1117.

**COUNT II: FEDERAL UNFAIR COMPETITION**

21.     CapStack Partners incorporates each of the preceding paragraphs as if fully set forth herein.

4

22.     CapStack Technologies' use of a confusingly similar imitation of CapStack Partners' "CapStack" mark is likely to cause confusion, deception and mistake by creating the false and misleading impression that CapStack Technologies and its services are associated or connected with CapStack Partners or having the sponsorship, endorsement or approval of CapStack Partners.

23.     CapStack Technologies has made false representations, false descriptions, and false designations of, on or in connection with its products and services in violation of 15 U.S.C. § 1125(a).  CapStack Technologies' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and additionally, injury to CapStack Partners' goodwill and reputation as symbolized by CapStack Partners' "CapStack" mark for which CapStack Partners has no adequate remedy at law.

24.     CapStack Technologies' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with CapStack Partners' "CapStack" mark to CapStack Partners' great and irreparable harm.

25.     CapStack Technologies has caused, and is likely to continue causing, substantial and irreparable injury to the public and to CapStack Partners, and CapStack Partners therefore is entitled to injunctive relief and to recover CapStack Technologies' profits, actual damages, enhanced profits and damages, costs and reasonable attorney's fees under 15 U.S.C. §§ 1125(a), 1116 and 1117.

**COUNT III: FEDERAL TRADEMARK DILUTION**

26.     CapStack Partners incorporates each of the preceding paragraphs as if fully set forth herein.

27.     For almost a decade, CapStack Partners has exclusively and continuously used the

5

"CapStack" mark throughout the United States well before CapStack Technologies' began its infringing use of CapStack Partners' "CapStack" mark and, indeed, well before CapStack Technologies was even formed.

28.     CapStack Technologies is making use in commerce of CapStack Partners' "CapStack" mark which dilutes and is likely to dilute the distinctiveness of CapStack Partners' registered "CapStack" mark by eroding the public's exclusive identification of CapStack Partners' "CapStack" mark with CapStack Partners, tarnishing and degrading the positive associations and connotations of the mark, and otherwise lessening the capacity of the mark to identify and distinguish CapStack Partners' products and services.

29.     CapStack Technologies' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with CapStack Partners' "CapStack" mark to CapStack Partners' great and irreparable harm.

30.     CapStack Technologies has caused, and is likely to continue causing, substantial and irreparable injury to CapStack Partners' goodwill and business reputation and dilution of the distinctiveness and value of CapStack Partners' "CapStack" mark in violation of 15 U.S.C. § 1125(c), and CapStack Partners therefore is entitled to injunctive relief and to recover CapStack Technologies' profits, actual damages, enhanced profits and damages, costs and reasonable attorney's fees under 15 U.S.C. § § 1125(c), 1116 and 1117.

**COUNT IV: UNFAIR AND DECEPTIVE TRADE PRACTICES**

31.     CapStack Partners incorporates each of the preceding paragraphs as if fully set forth herein.

32.     CapStack Technologies has been and is passing off its products and services as those of CapStack Partners, causing a likelihood of confusion or misunderstanding as to the source,

6

sponsorship or approvals of CapStack Technologies products and services causing a likelihood of confusion as to CapStack Technologies' affiliation, connection, or association with CapStack Partners and otherwise damaging the public.

33.     CapStack Technologies' conduct constitutes unfair and deceptive acts or practices in the course of business, trade, or commerce in violation of state law unfair and deceptive trade practices.

34.     CapStack Technologies has caused, and is likely to continue causing, substantial and irreparable injury to the public and to CapStack Partners, and CapStack Partners therefore is entitled to injunctive relief and to recover CapStack Technologies' profits, actual damages, enhanced profits and damages, costs and reasonable attorney's fees.

## COUNT V: COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

35.     CapStack Partners incorporates each of the preceding paragraphs as if fully set forth herein.

36.     CapStack Technologies' acts constitute common law trademark infringement and unfair competition and have created and will continue to create, unless restrained by this Court, a likelihood of confusion, resulting in irreparable injury to CapStack Partners. CapStack Partners has no adequate remedy at law form this injury.

37.     Upon information and belief, CapStack Technologies acted with full knowledge of CapStack Partners' use of and statutory and common law right to the "CapStack" mark and without regard to the likelihood of confusion of the public created by the activities of CapStack Technologies.

38.      CapStack Technologies' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with CapStack Partners' "CapStack" mark to CapStack

7

Partners' great and irreparable harm.

39.     As a result of CapStack Technologies' actions, CapStack Partners has been damaged in an amount not yet determined or ascertainable.  At a minimum, however, CapStack Partners is entitled to injunctive relief, and to an accounting of profits, damages and costs.  Further, in light of the deliberate and malicious use of the confusingly similar mark and the need to deter CapStack Technologies from engaging in similar conduct in the future, CapStack Partners is also entitled to punitive damages.

### COUNT VI: STATE LAW TRADEMARK DILUTION AND UNFAIR COMPETITION

40.     CapStack Partners incorporates each of the preceding paragraphs as if fully set forth herein.

41.     For almost a decade, CapStack Partners has exclusively and continuously used the "CapStack" mark throughout the United States well before CapStack Technologies' began its infringing use of CapStack Partners' "CapStack" mark and, indeed, well before CapStack Technologies was even formed.

42.     CapStack Technologies is making use in commerce of CapStack Partners' "CapStack" mark which dilutes and is likely to dilute the distinctiveness of CapStack Partners' registered "CapStack" mark by eroding the public's exclusive identification of CapStack Partners' "CapStack" mark with CapStack Partners, tarnishing and degrading the positive associations and connotations of the mark, and otherwise lessening the capacity of the mark to identify and distinguish CapStack Partners' products and services.

43.     CapStack Technologies' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with CapStack Partners' "CapStack" mark to CapStack Partners' great and irreparable harm.

8

44.     CapStack Technologies' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with CapStack Partners' "CapStack" mark to CapStack Partners' great and irreparable harm.

45.     CapStack Technologies has caused, and is likely to continue causing, substantial and irreparable injury to CapStack Partners' goodwill and business reputation and dilution of the distinctiveness and value of CapStack Partners' "CapStack" mark in violation of state law and CapStack Partners therefore is entitled to injunctive relief and to recover CapStack Technologies' profits, actual damages, enhanced profits and damages, costs and reasonable attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff CapStack Partners LLC asks this Court to enter judgment against CapStack Technologies, Inc. and against its respective subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A.     An adjudication that CapStack Technologies has infringed upon the CapStack Partners' federally registered and common law trademarks.

B.     The ascertainment of and award to CapStack Partners of actual and treble damages from the infringement of CapStack Partners' federally registered and common law trademarks.

C.     A finding that this case warrants the award of reasonable attorneys' fees, costs, and expenses in this action to CapStack Partners.

D.     The issuance of a preliminary and/or permanent injunction prohibiting further infringement and inducement of infringement of the CapStack Partners' trademarks.

E.     An order requiring that CapStack Technologies account for all gains, profits, and advantages derived by its infringement of the CapStack Partners' federally registered and common law trademarks and that CapStack Technologies pay to CapStack Partners all damages suffered by CapStack Partners.

F.     Such other and further relief as this Court or a jury may deem proper and just.

9

## JURY DEMAND

CapStack Partners demands a trial by jury on all issues so triable.

Respectfully Submitted,

Dated: July 28, 2023                          **GELLERT SCALI BUSENKELL & BROWN, LLC**

*/s/ Charles J. Brown, III*
Charles J. Brown, III (DE 3368)
1201 N. Orange Street, Suite 300
Wilmington, DE 19801
Telephone: 302-425-5800
Email: cbrown@gsbblaw.com

*Attorneys for Plaintiff*